UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 76.176.73.115,<br><br>Defendant. | Case No.: 23-cv-00941-JO-BGS<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(F) CONFERENCE**<br><br>**[ECF 4]** |

The Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Federal Rule of Civil Procedure 26(f) Conference of Strike 3 Holdings, LLC, Plaintiff, is **GRANTED.**

**I.  BACKGROUND**

On May 22, 2023, Plaintiff filed a Complaint alleging copyright infringement against John Doe (Doe Defendant), subscriber assigned Internet Protocol (IP) address 76.176.73.115.  (Compl. [ECF No. 1].)  On June 14, 2023, Plaintiff filed the application here, seeking leave to serve a third-party subpoena to ascertain the identity of Doe Defendant. (ECF No. 4-1.[1])

---

[1] Unless otherwise indicated, the Court cites to the Case Management/Electronic Case Files docket for this case.

1  In its Complaint, Plaintiff alleges that Defendant is liable for direct copyright
2  infringement. (Compl. ¶¶ 48-53.) Plaintiff alleges it owns the copyrights for movies it
3  distributes through adult websites and DVD sales. (*Id.* ¶¶ 2, 14.) Plaintiff alleges Doe
4  Defendant used BitTorrent, a peer-to-peer file sharing system, to copy and distribute its
5  movies without consent. (*Id.* ¶¶ 18-42.) As discussed further below, to identify the IP
6  address that was illegally distributing its works, Plaintiff utilized its proprietary forensic
7  software, VXN Scan (VXN). (*Id.* ¶¶ 28-42.)

As it can only identify Doe Defendant by the IP address used, Plaintiff requests permission to serve a Rule 45 subpoena on the Internet Service Provider (ISP) that issued the IP address to Doe Defendant, Spectrum. (ECF 4-1 at 17.) The proposed subpoena only demands the name and address of Doe Defendant, and Plaintiff indicates it will only use this information to prosecute claims in the Complaint. (*Id.* at 8.)

Plaintiff claims good cause exists to grant the Application because: (1) Plaintiff has identified Doe Defendant with sufficient specificity through geolocation technology and forensic investigation; (2) Plaintiff has identified all previous steps taken to locate Doe Defendant; (3) Plaintiff's Complaint could withstand a motion to dismiss; and (4) Plaintiff has established that there is a reasonable likelihood that Plaintiff can identify Doe Defendant and effectuate service. (*Id.* at 10-18.)

## II. STANDARD OF REVIEW

Absent a court order, discovery is generally not allowed before the parties' Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). Because "a plaintiff cannot have a discovery planning conference with an anonymous defendant," early discovery to identify a defendant may be warranted. *UMG Recordings, Inc. v. Doe*, No. C-08-03999-RMW, 2008 WL 4104207, at *2 (N.D. Cal. Sept. 4, 2008). To determine whether early discovery is warranted in a particular case, the court applies a "good cause" test by weighing the need for discovery to further justice against the prejudice it may cause the opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Strike 3 Holdings, LLC v. Doe*, No. 17CV2317 JAH (BLM), 2017 WL 6389848, at *1 (S.D.

Cal. Dec. 14, 2017) (citing *Semitool*, 208 F.R.D. at 274).

The Ninth Circuit has held that when a defendant's identity is unknown at the time a complaint is filed, courts may grant a plaintiff leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  In determining whether to grant leave for early discovery to ascertain a defendant's identity, district courts consider:  (1) whether the plaintiff can "identify the missing party with sufficient specificity such that the defendant is a real person or entity who could be sued in federal court"; (2) whether the plaintiff has described "all previous steps taken to locate the elusive defendant"; (3) whether the "suit against defendant could withstand a motion to dismiss"; and (4) whether there "is a reasonable likelihood that the requested discovery process [proposed] will lead to identifying information about defendant that would make service of process possible." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

## III.   DISCUSSION

### A.   Identification of the Doe Defendant with Sufficient Specificity

Plaintiff has identified Doe Defendant with sufficient specificity to enable the Court to determine if Doe Defendant is a real person subject to the Court's jurisdiction. *Columbia Ins.*, 185 F.R.D. at 578; *see also Distinct Media Ltd. v. Doe Defendants 1-50*, Case No. 15-cv-3312 NC, 2015 WL 13389609, *2 (N.D. Cal. Sept. 29, 2015).  To determine whether a doe defendant has been identified with sufficient specificity, courts look to whether a plaintiff provided "the unique IP address[ ] assigned to an individual defendant on the day of the allegedly infringing conduct" and used "'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash*, Case No. 12CV00186 MMA (RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (collecting cases) (citing *OpenMind Sols., Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011)).  Identifying the unique IP address and location of the IP address has been shown to meet the requirement for identifying a

doe defendant with sufficient specificity. *Id.*

Plaintiff has submitted several declarations in support of its request to serve a Rule 45 subpoena: David Williamson, Plaintiff's Chief Technology Officer (Ex. A [ECF 4-2 at 1-15] ("Williamson Decl."); Patrick Paige of Computer Forensics LLC, retained to analyze forensic evidence captured by Plaintiff's infringement detection system (Ex. B [ECF 4-2 at 16-22] ("Paige Decl."); Susan B. Stalzer, an employee of Plaintiff that verifies infringing files are identical or strikingly similar to Plaintiff's works (Ex. C [ECF 4-2 at 23-26] ("Stalzer Decl."); and Emile Kennedy, Plaintiff's in-house General Counsel who verifies the infringing IP address traces to San Diego (Ex. D [ECF 4-2 at 27-30] ("Kennedy Decl.").

Here, Plaintiff has identified Doe Defendant with sufficient specificity. Mr. Williamson's declaration explains that he "oversaw the design, development, and overall creation of the infringement detection system called VXN Scan[,] which [Plaintiff] both owns and uses to identify the IP addresses used by individuals infringing Plaintiff's movies via the BitTorrent protocol." (Williamson Decl. ¶ 40.) One part of the VXN Scan system involves the development of a proprietary BitTorrent client that emulates the behavior of a standard BitTorrent client by repeatedly downloading data pieces from peers within the BitTorrent network that are distributing Plaintiff's movies. (*Id.* ¶¶ 52-55.) Mr. Williamson's declaration also explains that another component of the VXN Scan system is the PCAP[2] Recorder that uses a PCAP Capture Card, which can record the IP addresses connecting to the Proprietary Client and sending the infringed copies of Plaintiff's work to the Proprietary Client through the BitTorrent network. (*Id.* ¶¶ 57-59.) A PCAP contains the IP addresses used in the network transaction, the port number and BitTorrent client used to accomplish each transaction, and the "Info Hash" associated with the infringing computer file, which identifies the data that was shared in the recorded transaction as part of the specific digital media file, *i.e.,* an infringing copy of Plaintiff's copyrighted works.

---

[2] PCAP stands for "Packet Capture." (Williamson Decl. ¶ 58; Paige Decl. ¶ 14.)

(*Id.* ¶¶ 61-62.)  The PCAP Capture Card records perfect copies of every network packet received by the Proprietary Client.  (*Id.* ¶ 65.)[3]

Mr. Paige's declaration explains that the VXN Scan recorded numerous BitTorrent computer transactions with IP address 76.176.73.115 in the form of PCAPs.  (Paige Decl. ¶¶ 13-16.)  Mr. Paige then reviewed the PCAP to confirm that it evidences a recorded transaction with that IP address on May 6, 2023, at 14:25:26 UTC, involving the IP address uploading a piece or pieces of a file corresponding to a specific hash value to VXN Scan.  (*Id.* ¶¶ 16-18.)  He then explains that based on his experience in similar cases, Defendant's ISP is the only entity that can correlate the identified IP address to its subscriber to pinpoint Defendant's identity.  (*Id.* ¶ 28.)

Ms. Stalzer's declaration explains that she was provided the digital media files identified using the VXN Scan's Torrent Collector and Downloader, she compared them side-by-side with Plaintiff's original movies, and she verified they are copies of one of Plaintiff's copyrighted works.  (Stalzer Decl. ¶¶ 7-11.)  And finally, Ms. Kennedy's declaration explains that she used Maxmind's Geolocation Database to trace the infringing IP address to San Diego, California, within this Court's jurisdiction, on February 14, 2022, and shortly before her declaration was provided.  (Kennedy Decl. ¶¶ 4-7.)  Exhibit 1, attached to the Kennedy Declaration, indicates the ISP for 76.176.73.115 is Spectrum.

Plaintiff has identified the missing party with such "sufficient specificity" to assure the Court that Doe Defendant is real, subject to the Court's jurisdiction, and able to be sued. *Columbia Ins.*, 185 F.R.D. at 578.

///

///

**B.     Previous Steps Taken to Locate Doe Defendant**

Plaintiff has sufficiently described all prior attempts it has made to identify Doe

---

[3] Mr. Williamson's declaration sets forth additional in-depth details regarding all components of the system.

Defendant. *Id.* at 579. This element is aimed at ensuring that "plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identify defendants." *Id.* In addition to the efforts described above to trace the infringing activity to the IP address, Plaintiff has asserted that it has searched for Doe Defendant's IP address on "various web search tools, including basic search engines like www.google.com," and "has further conducted its own diligent research on its ability to identify Defendant by other means by reviewing numerous sources of authority, . . . e.g., legislative reports, agency websites, informational technology guides, governing case law, etc." (ECF 4-1 at 14.) Further, Plaintiff "has also discussed the issue at length with computer investigators and cyber security consultants. Strike 3 has been unable to identify any other way to go about obtaining the identities of its infringers and does not know how else it could possibly enforce its copyrights from illegal piracy over the Internet." (*Id.*) Therefore, the Court finds that Plaintiff has made a good faith effort to identify Doe Defendant.

### C. Ability to Withstand a Motion to Dismiss

Plaintiff has also demonstrated that its claim could withstand a motion to dismiss. This requires Plaintiff to "make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins.*, 185 F.R.D. at 580.

A claim may be dismissed under Rule 12(b) for lack of subject matter jurisdiction or for failure to state a claim. Fed. R. Civ. P. 12(b)(1), 12(b)(6). To prevail on a copyright infringement claim, Plaintiff must show: "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017). "Direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10*, 847 F.3d at 666.

Here, Plaintiff's Complaint alleges subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

(Compl. ¶ 7.) Further, Plaintiff provides evidence that it is the exclusive rights holder of the copyrighted works at issue. (ECF 1-2, Ex. A.)[4] Plaintiff alleges that Defendant infringed Plaintiff's copyrighted work via the BitTorrent file distribution network. (Compl. ¶¶ 41-46, Ex. A.) Plaintiff also alleges that it did not permit or consent to Doe Defendant's copying or distribution of this work. (*Id.* ¶ 51.) Accordingly, Plaintiff has alleged the prima facie elements of direct copyright infringement and could withstand a motion to dismiss for failure to state a claim. *See Columbia Ins.*, 185 F.R.D. at 579-80. Additionally, the Court finds the Complaint could withstand a challenge based on personal jurisdiction or venue. As discussed at length above, Plaintiff has traced the infringing conduct to this district. (III.A.)

### D. Requested Discovery Will Lead to Identifying Information

Finally, Plaintiff has satisfied the last element required in *Columbia Insurance* by demonstrating the requested discovery will lead to identifying information about Doe Defendant that would make service of process possible. *Columbia Ins.*, 185 F.R.D. at 580. As explained above, Plaintiff's investigation has revealed a unique IP address and based on Maxmind's geolocation, Plaintiff has identified Spectrum as the owner. (ECF 4-1 at 17.) Because the only entity able to correlate an IP address to a specific individual is the ISP, Spectrum, the requested Rule 45 subpoena would lead to information making service of process possible.

## IV. CONCLUSION AND ORDER

The Application (ECF 4) is **GRANTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff may serve Spectrum with a Rule 45 subpoena commanding the ISP to

---

[4] Exhibit A is a chart containing United States Copyright Office registration information, including the registration numbers and application numbers for those works who registration is still pending. In its Complaint, Plaintiff states that it "owns the copyrights to the Works and the Works have either been registered with the United States Copyright Office or have pending copyright registrations." (ECF 1-2, Ex. A.)

      provide Plaintiff with the true name and address of the subscriber assigned the IP address 76.176.73.115.  Plaintiff may not subpoena additional information about the subscriber and Plaintiff may only use the disclosed information to protect its copyrights in pursing this litigation.

2. Plaintiff shall attach a copy of this Order to any Rule 45 subpoena issued pursuant to this Order and the ISP must also provide a copy of this Order along with the required notice to the subscriber whose identity is sought.

3. Within **fourteen (14) calendar days** after the service of the subpoena, the ISP shall notify the subscriber that its identity has been subpoenaed by Plaintiff.

4. The subscriber whose identity has been subpoenaed shall have **thirty (30) calendar days** from the date of such notice to seek a protective order or challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena.  The subscriber may proceed anonymously as a Doe Defendant until the Court orders otherwise.[5]

5. If the ISP seeks to move to quash the subpoena, it shall do so before the return date of the subpoena.  The return date of the subpoena must allow for **forty-five (45) calendar days** from service to production.  If a motion to quash or other customer challenge is brought, the ISP shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

Dated:  August 23, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[5] Plaintiff's Application specifically states that Plaintiff is not opposed and "in fact welcomes" allowing Defendant to proceed anonymously.  (ECF 4-1 at 18.)